UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PATRICK GLENN, IV,<br><br>                           Petitioner,<br><br>v.<br><br>PEOPLE OF SAN DIEGO, et al.,<br><br>                          Respondents. | Case No.:  25cv2523-RSH (MMP)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner Thomas Patrick Glenn, IV, currently incarcerated at the Vista Detention Facility, and proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1-2. Petitioner indicates he was arrested for a controlled substance offense but sentenced on June 11, 2025, for prior convictions with the substance offense charge dismissed, and claims he was wrongfully denied diversion into a drug treatment program due to criminal and incompetent acts by the judge, prosecutor and defense counsel. *Id.* at 4-8.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

      A review of Petitioner's IFP request indicates that he has $0.01 on account at the detention facility and cannot afford the $5.00 filing fee. *See* ECF No. 2 at 4. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows

Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.

## FAILURE TO NAME A PROPER RESPONDENT

Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.

Here, Petitioner has incorrectly named "People of San Diego" and "The Attorney General of the State of California" as Respondents. *See* ECF No. 1 at 1. A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968), *overruled in part on other grounds*, *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. Thus, in order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must name the person who will produce "the body" if directed to do so by the Court.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the detention facility in which Petitioner is presently confined. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

Accordingly, the instant Petition is subject to dismissal for failure to name a proper Respondent.

## **ABSTENTION**

Further, the Petition must be dismissed because the Court is barred from consideration of Petitioner's contention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings . . . ."). The Ninth Circuit has explained that: "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018), quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

Each of those criteria appear satisfied in this instance. Petitioner states that he is challenging violations of trial rights relating to his June 11, 2025 sentencing in San Diego Superior Court case number SCE428339, and that he filed a notice of appeal on August 8, 2025. ECF No. 1 at 1-2. Meanwhile, the San Diego County Sheriff's Department's website reflects that Petitioner was arrested by the San Diego Sheriff Office on March 13, 2025, is being held without bail, and has a court date set in San Diego Superior Court on January 16, 2026. *See Sheriff's Who is in Jail*, San Diego County Sheriff's Department, https://apps.sdsheriff.net/wij/wij.aspx (last visited Oct. 30, 2025).

Thus, it is evident Petitioner's criminal case is ongoing in the San Diego Superior Court and/or in the state appellate court. It is also clear those proceedings implicate important state interests. There is no indication that Petitioner cannot seek relief on his trial error claims in the state court, which are the type of claims the state courts provide an

opportunity to present. Thus, it is evident that Petitioner seeks to enjoin an ongoing state judicial proceeding and abstention is appropriate. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

Accordingly, because Petitioner has not demonstrated that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering in the ongoing state criminal proceedings, abstention is required, and the Petition must therefore be dismissed without prejudice. *See Crossett v. Idaho*, 2024 WL 3508511, at *1 (9th Cir. July 23, 2024) (holding that if *Younger* abstention applies, dismissal of the action should be without prejudice).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to proceed IFP and **DISMISSES** the instant habeas action without prejudice. The Clerk shall close the file. **IT IS SO ORDERED.**

Dated: October 30, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge